TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00119-CR






Joe Ybarra, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 00-372-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






O R D E R


PER CURIAM

The State has filed a motion to dismiss this appeal from a January 21, 2003,
conviction for felony driving while intoxicated. Upon receipt of the motion, the Court requested a
partial clerk's record, including the trial court's certification of appellant's right of appeal. The
district clerk has advised the Court that no certification of the right of appeal is on file.

Effective January 1, 2003, a trial court must enter a certification of the defendant's
right of appeal in every case in which it enters a judgment of guilt or other appealable order. Tex.
R. App. P. 25.2(a)(2). A certification form was included in the order adopting the rules amendments. 
See 66 Tex. B.J. 166, 168. The trial court's certification of the right of appeal must be included in
the appellate record when the defendant is the appellant. Tex. R. App. P. 25.2(d), 34.5(a)(12). If
a certification of the defendant's right of appeal is not in the clerk's record, the court of appeals must
request a supplemental record and, if necessary, order the preparation and filing of a proper
certification. Id. rules 34.5(c), 37.1. An appeal must be dismissed if the trial court certifies that the
defendant has no right of appeal or has waived the right of appeal. Id. rule 25.2(d). Dismissal is not
required if the trial court fails to comply with rule 25.2(a)(2).

The district court is ordered to prepare a certification of appellant's right of appeal,
to present the certification to appellant's counsel for signing, and to file the completed and signed
certification with the district clerk. See id. rules 34.5(c), 37.1. Upon receipt of the court's
certification of the right of appeal, the district clerk shall prepare a complete clerk's record and
tender it for filing no later than March 28, 2003. See id. rule 34.5(a). No action will be taken on the
State's motion to dismiss until the clerk's record containing the trial court's certification of
appellant's right of appeal is received.

It is ordered March 14, 2003.


Before Chief Justice Law, Justices B. A. Smith and Puryear

Do Not Publish